**Affirmed and Opinion Filed April 14, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00322-CR**

**No. 05-20-00323-CR**

**NICHOLAS ALEXANDER SMITH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 31520 and 31521**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

### I.     BACKGROUND

This is an appeal of the judgment and sentence in two criminal cases. Appellant was indicted for (i) the third-degree felony offense of Assault Family Violence with a Prior Conviction and (ii) the second-degree felony offense of aggravated assault with a deadly weapon. As to the third-degree felony offense, appellant reached a plea agreement with the State, and he was sentenced to ten years in the Texas Department of Criminal Justice. This sentence was probated for a period of five years, and appellant was ordered to submit to terms of community

supervision. As to the second-degree felony offense, appellant reached a plea agreement with the State, and he was placed on deferred adjudication for a period of five years. For this second-degree felony offense, the other terms of probation were principally identical to those of the third-degree felony offense. The terms of the plea bargains and community supervision were to run concurrently.

On August 13, 2019, the State filed a Motion to Revoke Community Supervision and Deferred Adjudication in each of the two cases, alleging appellant failed to complete several of the ordered conditions of his community supervision and deferred adjudication. The State later amended these motions to add four additional allegations of probation violations. On February 19, 2020, the trial court held a hearing on the State's motions, and appellant plead true to seven allegations. The State offered no further evidence, and based on appellant's pleas, the trial court found that the seven allegations were true. The trial court proceeded to the punishment phase. After hearing evidence from the State and appellant, the trial court assessed appellant's punishment at (i) ten years' confinement as to the third-degree felony offense and (ii) twenty years' confinement as to the second-degree felony offense.

This appeal followed. The trial court appointed appellate counsel for appellant, and she filed an *Anders* brief on his behalf, representing that she had "diligently reviewed the entire record and the law applicable thereto and, in her

opinion, the appeal is without merit and wholly frivolous in that the record reflects no reversible error."

## II.  *ANDERS* **BRIEF**

An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw from an appeal that the attorney has concluded, after conscientious examination of the entire record, is a frivolous appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process, which can only be attained if appellate counsel acts in the role of an active advocate in behalf of her client. *See id.* Ultimately, an appropriate *Anders* brief provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises. In many ways, an *Anders* brief is an audit of the trial court's disposition.

To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). In addition to setting out an attorney's due diligence investigation on behalf of the client, the *Anders* brief has an additional use for an appellate court, providing it "with a roadmap for their review of the record because the court itself

must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

### III. DISCUSSION

Appointed counsel filed a separate motion to withdraw and a certification of counsel. Appointed counsel's certification states she had: (1) informed appellant of her motion to withdraw and the filing of her *Anders* brief and provided him with a copy of each; (2) informed appellant of his right to file a pro se response and of his right to review the record; and (3) made the record available to appellant.[1] Appointed counsel's certification, motions to withdraw, and *Anders* brief do not advise appellant of his pro se right to seek discretionary review with the Texas Court of Criminal Appeals, if we declared his appeal was frivolous. Appointed counsel must provide such notice to the defendant.[2]

By letter dated June 18, 2020, we advised appellant of his right to file a pro se response by August 1, 2020, and that failure to file a *pro se* response by that date

---

[1] Appointed counsel's motions to withdraw specify she "delivered to [a]ppellant a copy of the record in this case."

[2] A lawyer who files an *Anders* brief must

> write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response, and (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

*Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

–4–

would result in the case being submitted on the brief filed by appointed appellate counsel. We further advised appellant of his pro se right to seek discretionary review with the Texas Court of Criminal Appeals if we declared his appeal was frivolous. We have not received a *pro se* response from appellant.

Appointed counsel's brief meets all of the requirements of *Anders* in that it presents a professional evaluation of the record showing why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). In compliance with *High v. State*, appointed counsel discussed why, under controlling authority, there were no reversible errors in the trial court's judgment. 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978).

When an appellate court receives an *Anders* brief from an appellant's court-appointed counsel asserting that no arguable grounds for appeal exist, we must determine the issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744 (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *see Crowe v. State*, 595 S.W.3d 317, 318–19 (Tex. App.—Dallas 2020, no pet.). We have thoroughly reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178

S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we agree with counsel's assessment that the appeal is frivolous and without merit.

## IV.   CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Counsel's motion to withdraw is granted.

/Bill Pedersen, III/

BILL PEDERSEN, III

JUSTICE

200322f.p05
200323f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS ALEXANDER SMITH, Appellant

No. 05-20-00322-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas Trial Court Cause No. 31520. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of April, 2021.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS ALEXANDER SMITH, Appellant

No. 05-20-00323-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas Trial Court Cause No. 31521. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of April, 2021.